We'll hear the next case, Hong Fei Gao v. Sessions. Good morning, your honors. Hold on one second. Let the courtroom clear out a bit. Okay. Thank you. Good morning, your honors. May it please this honorable court, my name is Mona Lisa Fabular-Lao and I represent Gao Hong Fei, the petitioner. This is a case of Gao Hong Fei's application, an asylum seeker's application where it was denied because his mother forgot to mention in her letter that she took him to a small clinic after he was released. This is a case of an asylum seeker's testimony which was rendered incredible because of another person's omission in her letter and that is her mother. Her mother forgot to mention that she took him to a small clinic. Your honor, we purport that there is a failure to properly interpret the REAL-ID Act because the REAL-ID Act does not mention any omissions at all, much more omissions of other persons. The REAL-ID Act talks about inconsistencies, inaccuracies, and falsehoods. Are you suggesting an immigration judge can't take omissions into account? He can judge, but in this case here, what is being done is to determine the credibility of the applicant. The omission of another person, not even of the applicant, is not only unjust but unfair because the application of the applicant here was denied and now he's under order of removal because of an omission of another person. Not just of another person, there were also omissions from his asylum application, right? Yes, Judge. Now the omissions in the applicant's application, which was that he did not mention that he did go to the clinic, he was able to explain that and gave a possible answer during the hearing. That's why that issue never came up anymore during the BIA level. So that is no longer an issue before this court. Now the government will argue that the applicant had inconsistencies in his application and with that in his testimony. Now there is no inconsistencies at all. In the application and in the personal statement of the applicant, he stated that he was interrogated, he was detained for 10 days, and he was beaten up. Now during the merits hearing, he gave details of these beatings. Now that is precisely why we have hearings, so that the applicant has the opportunity to give more details. And as the government attorney and the judge asked more questions, he was able to give more details. These are not inconsistencies. These are indicia of credibility, Your Honor. Also, I would like to go back on the mother's omission. The government and the judge asked for an explanation from Gao on why his mother forgot. He gave an answer, I don't know, and they found that as implausible. Now that is a truthful answer because there was no way for him to get into the mind of his mother why his mother forgot to write such a thing. Now due process would dictate that the mother should be allowed to answer or refute or to give an explanation of her omission. That was not given here. There was no opportunity that was given to the mother. And so if the adverse credibility or determination of the judge and of the BIA was to be sustained, there would be a- We have, as you know, a deferential standard of review. And it's difficult for us to really second guess in immigration judges' credibility findings. But you're asking us to do that now. Yes, Judge. And on what basis? On the basis that a reasonable adjudicator would be compelled to find a contrary conclusion. These are minor collateral omissions. And this Court had opined in the case of Pang, Z.Y. Pang, that minor collateral omissions should not be the basis of an adverse credibility determination. This Court also opined in the case of Zong v. U.S. Department of Justice that the total context of the persecution should be looked upon. Now these cases were prior to the REAL-ID Act. But the REAL-ID Act also talks about the totality of the circumstances. And that is what we should look at. This is an omission of the mother. At this point, Your Honor, the adverse credibility determination only hinges on the mother's omission and not even on an omission of the part of the applicant himself. All right. Thank you. You can save the time for rebuttal. Yes. Thank you, Judge. All right. Thank you. May it please the Court? I'm Brett Kinney on behalf of the Attorney General. This Court should deny the petition for review because substantial evidence supports the agency's adverse credibility determination. May I ask you about a couple of things that trouble me about the record? Yes, Your Honor. First of all, the BIA, well, for starters, the IJ said that it was with some reluctance that it reached his conclusion, inasmuch as the documentary evidence appears to corroborate certain aspects of Gao's claims. And then he pointed to, I don't know, five or six. And then he pointed to a number of other things, other considerations, which he said undermined it. The Board of Immigration Appeals said that a number of those, it cited only one in particular, but a number of those were simply wrong and did not support an adverse credibility finding. And in one place in the IJ's opinion, he says, although given an opportunity to explain these discrepancies, Gao did not do so to the immigration court's satisfaction. Indeed, his answer suggests that part of his testimony may have been made up. This is on XPX 14. Yes, Your Honor. And then he cites to two considerations, one of which the IJ, the BIA expressly said could not provide a basis for an adverse determination. And the other was totally insignificant. And whether there was a window in the interrogation room. And may very well have been another one of those considerations that the IJ relied on that could not support an adverse determination. And so what you have is a possibility of, and the IJ also said that, also referred to the demeanor of the petitioner, but said that that wouldn't be enough. It's that plus the rest. So it seems to me that this is not just one isolated error by the IJ, but perhaps permeated with error, maybe too strong a word. And what happens is the BIA picks up two that said could support it. It just troubles me. Isn't this something that should go back to the IJ, who may very well reach a different conclusion when he was aware that the BIA thought that he had made any number of mistakes in finding as to particular items of adverse credibility. In fact, they didn't even list them all. They just listed one as for example. Correct, Your Honor, but this court need not remand to the agency because under this court's case law and under the Real ID Act, even a single inconsistency or omission may be substantial evidence for an adverse credibility determination. And the two omissions that the board pointed to as supporting the adverse credibility determination in this case do provide substantial evidence, do constitute substantial evidence. So that even where the IJ makes a number, finds the petitioner not credible for a number of reasons, most of which the BIA found, do not warrant an adverse finding. And the IJ expresses his own reluctance about the record. We can't order a remand? Under the substantial evidence standard, no, Your Honor. The record would have to compel the conclusion that the petitioner was credible. And in light of the two significant omissions that the board relied on, the record does not do so in this case. Could you go through those significant omissions? Yes, Your Honor. The first is the omission in the letter from the petitioner's mother, where she omitted the fact that her son had allegedly been mistreated during his detention, that he was injured, and that she took him to a clinic for treatment of those injuries. And that's significant because she included other details of the petitioner's release from detention, including the fact that he was asked to write a guarantee letter that the officer threatened to put him into jail if he were caught again. And that he was fired from his work the next day. And in particular, the petitioner's mother stated in her letter that she was so frightened that her son would be mistreated that she couldn't eat or sleep. How can he testify as to what she was thinking when she wrote the letter, in terms of the rules of evidence? As an initial matter, the federal rules of evidence don't apply in immigration proceedings. But apart from that, the petitioner himself offered the letter as evidence to support his asylum application. And so he was the proponent of that evidence. Additionally, this court has relied on... But specifically, the question is, why did she not do this? I mean, that's calling for him to speculate as to what she was thinking. Is it not? No, Your Honor. In fact, that's the point of the adverse credibility finding, is that that omission was so glaring and significant that you would expect to find that information in the letter from the petitioner's mother. Especially given that she said she was so frightened that this would happen. The fact that she omitted that information itself... ...that I don't know. Correct, Your Honor. That's probably a true answer. And that's true. But as the individual who was submitting the evidence in support of his claim, he could have asked his mother to write an additional letter before he submitted it to the court or to clarify her letter. This court has relied on similar omissions from letters in the past in finding substantial evidence. For instance, in Lynn, a petitioner claimed that she was detained for 12 hours because of her practice of Falun Gong. This court and the agency in that case pointed to the omission from a letter from her father about the length of her detention. And this case is analogous to that one, in which the court found that there was substantial evidence to support the agency's conclusion. And that case also forecloses the petitioner's argument that this court may not rely on an omission to support an adverse credibility determination. In which footnote 3, this court explicitly said that there is no difference between a direct inconsistency and an omission in terms of supporting a substantial evidence finding. The other omission to which the immigration judge and board pointed that constitutes substantial evidence... You would agree, would you not, that while omissions are properly considered, they have to be evaluated in the totality of the circumstances? Yes, Your Honor. I mean, just because there's an omission, that doesn't end the inquiry. That's a relevant factor, but you have to look at the entire record. Correct, Your Honor, under the totality of the circumstances. And the other omission was the omission of details about a second beating that allegedly happened while the petitioner was detained. And the fact that he had to visit a clinic to receive treatment for his injuries, which is directly relevant to the level of harm that he experienced. And goes to the question of whether his experiences actually rose to the level of persecution. The fact that those details were omitted, and the fact that his mother omitted a significant portion of his alleged claim from the letter that he submitted in support of his claim, constitutes substantial evidence. And to explain that omission, it's not enough that the petitioner offer a plausible explanation of, I don't know. Under the substantial evidence standard, that explanation has to compel the conclusion that the petitioner was credible. And it does not do so in this case. If the court has no further questions, the government respectfully requests that the petition for review be denied. Thank you. Thank you. We'll hear the rebuttal. Your Honors, the government thinks that the mother's omission is a glaring omission. Now, a mother who brings his child to a small clinic, it's not even a hospital, and the petitioner pointed this out, it's not a hospital, it was a small clinic. Because they were poor and they could not afford to go to a hospital. It's a mother's instinct to do so, in the same way a mother will tend to her child without having to write about it. Because this is something normal and natural. Now, if the government is- It may all be so, but the fact that it's not included in the letter, is that not something that the agency can rely on in evaluating the totality of the circumstances? No, Judge. This is the mother's omission, and the mother should be given the chance to explain her omission. And so we ask this court to remand this case to the BIA and give the petitioner a chance to give substantial evidence, which will be from the mother to explain her omission, and not get that explanation from the petitioner who is not in the position to think what the mother was thinking, and why the mother forgot to write that in his letter. Your Honor, with this reason, there is substantial evidence to compel a reasonable adjudicator to remand this case to the BIA for further determination, whether this one point should be the basis of an adverse credibility determination. Thank you, Your Honors. Thank you. We'll reserve decision.